MCKOOL SMITH, P.C.
Gayle Rosenstein Klein (State Bar No. 237975)
399 Park Avenue, Suite 3200
New York, NY 10022
Telephone: (212) 402-9405
Facsimile: (212) 402-9444
Email: gklein@mckoolsmith.com

Attorneys for Defendant
WI-LAN, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ACER AMERICA CORP., APPLE INC., DELL INC., and GATEWAY, INC.,<br><br>    Plaintiffs,<br>  v.<br>WI-LAN, INC.,<br>    Defendant. | Case No. C 08-CV-5624 SI<br><br>**DEFENDANT'S MOTION TO EXTEND TIME TO RESPOND TO COMPLAINT PURSUANT TO LOCAL RULE 6-3** |

Pursuant to Civil Local Rule 6-3, Defendant Wi-LAN Inc. ("Wi-LAN") hereby submits this Motion to Extend Time to Respond to the Complaint. This Motion is supported by good cause, as detailed in the attached Declaration of Michael G. McManus ("McManus Declaration").

The parties to the instant suit are also parties to certain patent litigation in the Eastern District of Texas styled *Wi-LAN Inc. v. Acer, et al*. 2:07-cv-00473-TJW (E.D.Tex.). Several other entities, including Intel Corporation, are also parties to that litigation.

On September 30, 2008, Intel Corp., filed a declaratory judgment action in this district on certain other patents owned by Wi-LAN (including the patent here at issue, United States Patent No. 6,549,759 ("the '759 Patent")) which concern related technology. That case is styled *Intel Corp. v. Wi-LAN Inc. et al*, 5:08-cv-04555 (JW) (N.D. Cal.).

In December of 2008, all of the remaining defendants in the Texas litigation also brought declaratory judgment actions in this district on United States Patent No. 6,549,759. As some of the Texas defendants joined as co-plaintiffs, there are a total of five declaratory judgment actions now pending that concern the '759 patent.

On or about December 23, 2008, Wi-LAN lead counsel, Robert A. Cote, met and conferred with Intel counsel, Adam R. Alper, acting on behalf of all defendants. It was agreed that all defendants to the Texas action, including plaintiffs in this action, would have their time to respond to certain motion practice in Texas (specifically, Wi-LAN's Motion for Leave to File a Supplemental Complaint) extended from December 28, 2008 until January 15, 2009. (Unopposed Motion For Extension Of Time To Respond To Wi-Lan Inc.'s Motion For Leave To File A Supplemental First Amended Complaint attached as Exhibit 1 to Declaration of Robert A. Cote). In exchange, Mr. Alper agreed, on behalf of all defendants, that Wi-LAN's time to answer or otherwise plead in response to the

1  Texas defendants' declaratory judgment actions would be extended by thirty days.
2  (Declaration of Robert A. Cote at ¶ 4).  This deal has been honored by the
3  declaratory judgment plaintiffs in *Intel Corp. v. Wi-LAN, Inc., et al.*, Case No.
4  5:08-cv-04555-JW; *Marvell Semiconductor Inc et al v. Wi-Lan, Inc*, Case No.
5  5:08-cv-5544; and *Broadcom Corporation et al. v. Wi-LAN, Inc.*, Case No. C 08-
6  cv-5543 JW.
7       On January 14, 2009, Plaintiffs filed an executed Proof of Service in this
8  case and also in *Sony Computer Entertainment America, Inc. et al. v. Wi-LAN, Inc.*
9  Case No. C 08-05742 MHP (which also concerns the '759 patent and also arises
10  from the Texas litigation).  Both proofs of service indicate service by a Mark
11  Cogan on Wi-LAN employee Tonia Morgan on January 12, 2009.  Despite the
12  filing of the proofs of service, service was not made.  Wi-LAN did not receive any
13  documents related to the present case. (McManus Declaration ¶ 10).  It is likely
14  that Mr. Cogan saw two similar packages of documents, one concerning this case
15  and one concerning the Sony matter and inferred that one set was a duplicate.
16  Regardless of what occurred, Wi-LAN was not served with any process of any
17  nature from the plaintiffs in this case.[1]
18       In view of such events, Wi-LAN's counsel informed Plaintiffs' counsel of
19  the defect in service and stated a willingness to accept service.  (McManus
20  Declaration at ¶ 12).  Plaintiffs promptly served Wi-LAN's counsel by electronic
21  mail on January 23, 2009.  The plaintiffs, however, maintained their position that
22  (nonexistent) service was effective as of January 12, 2009.
23       Subsequently, Defendant's counsel drafted a stipulation that provided for a
24  response date of March 16, 2009.  This represents a twenty day response time as
25  per Rule 12(a) and a thirty day extension as per the agreement between the parties

---

[1] Although Wi-LAN regards service as defective, Wi-LAN specifically refrains from making any motion pursuant to Federal Rule of Civil Procedure 12 at the present time.  Wi-LAN reserves its right to make such motion at the appropriate time.

1  calculated from the date of effective service, January 23, 2009.  This stipulation
2  was conveyed to Plaintiffs' counsel, who did not substantively respond.
3  (McManus Declaration at ¶¶ 13-14).  However, Mr. Alper of Kirkland & Ellis,
4  apparently acting on behalf of all declaratory Plaintiffs, indicated that Plaintiffs
5  would not honor the agreement for a thirty day extension.  Instead, Mr. Alper
6  proposed that Wi-LAN respond to all declaratory judgment complaints on January
7  23, 2009.  (Electronic Mail correspondence from Adam Alper attached as Exhibit 1
8  to McManus Declaration).  The proposal that Mr. Alper made would require that
9  Wi-LAN respond to the complaint in another pending action (*Marvell*
10 *Semiconductor Inc. et al. v. Wi-LAN*) prior to the current deadline (of Febraury 25,
11 2009).  Mr. Alper's electronic mail was not conveyed to defendant's counsel until
12 after business hours on January 29, 2009.  This motion is, thus, filed promptly
13 upon Wi-LAN's becoming aware of plaintiffs' change in position.
14     A motion to change time pursuant to Local Rule 6-3 should be granted
15 where the movant shows good cause. *See e.g.*, *Whitney v. Wurtz*, 2006 WL
16 3201035 *1 (N.D.Cal. 2006) ("Plaintiffs have shown good cause to continue the
17 hearing.")
18     Here, there is good cause to extend the time to respond to the Complaint.
19 Defendant and its counsel had a good faith belief that Plaintiffs would consent to
20 an extension that did not require the waiver of rights in other cases.  This did not
21 occur.  Moreover, Defendant has had difficulty in retaining local counsel due to the
22 possibility of conflicts of interest arising from the large number of declaratory
23 plaintiffs.
24     Defendant will suffer substantial harm if the time to respond to the
25 declaratory judgment complaint is not extended.  It will suffer material prejudice in
26 the instant litigation if it is not permitted sufficient time to prepare its response to
27 the complaint.  This is particularly so in view of the waiver rules of Federal Rule of
28 Civil Procedure 12(h).

There have been no extensions in the present action. Further, in view of the early stage of the present litigation, the requested modification would have little effect on the schedule of this case.

Accordingly, Defendant Wi-LAN respectfully moves the Court for an order setting the time for response to the Complaint until March 16, 2009, or such time as the Court regards as appropriate.

DATED: January 30, 2009         Respectfully submitted,

                                MCKOOL SMITH, P.C.


                                By:   /s/ Gayle Rosenstein Klein
                                      Gayle Rosenstein Klein

                                Attorneys for Defendant
                                WI-LAN, INC.

DEFENDANT'S MOTION TO EXTEND TIME TO RESPOND TO COMPLAINT
PURSUANT TO LOCAL RULE 6-3
Case No. C 08-CV-5624 SI                                                -4-

| | |
|---|---|
| 1 | <u>CERTIFICATE OF SERVICE</u> |

I hereby certify that on January 30, 2009, a true and correct copy of the foregoing DEFENDANT'S MOTION TO EXTEND TIME TO RESPOND TO COMPLAINT PURSUANT TO LOCAL RULE 6-3 was filed electronically with the Clerk of the Court using CM/ECF System. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

By: \_\_\_\_\_/s/ Michael G. McManus_____
Michael G. McManus

CERTIFICATE OF SERVICE
Case No. C 08-CV-5624 SI

MCKOOL SMITH, P.C.
Gayle Rosenstein Klein (State Bar No. 237975)
399 Park Avenue, Suite 3200
New York, NY 10022
Telephone: (212) 402-9405
Facsimile: (212) 402-9444
Email: gklein@mckoolsmith.com

Attorneys for Defendant
WI-LAN, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ACER AMERICA CORP., APPLE INC., DELL INC., and GATEWAY, INC.,<br><br>Plaintiffs,<br>v.<br>WI-LAN, INC.,<br>Defendant. | Case No. C 08-CV-5624 SI<br><br>**[PROPOSED] ORDER ON DEFENDANT'S MOTION TO EXTEND TIME TO RESPOND TO COMPLAINT PURSUANT TO LOCAL RULE 6-3** |

After review and consideration of defendants' Motion for Enlargement of Time to Answer Complaint pursuant to Local Rule 6.3, it is the decision of the Court that said motion is well taken and should be GRANTED.

It is hereby ORDERED that defendants must answer or otherwise plead to the plaintiff's Complaint on or before ~~March 16~~, 2009.

February 23,

DATED: ___2/4/09_____     _____
                                   HONORABLE SUSAN ILLSTON